SILAS CURTIS *vs.* OLIVER INGHAM.

Essex,
July,
1829

The defendant having paid to the plaintiff's agent, may prove the agency by the confessions of the plaintiff, that he had given a power of attorney to such agent, without notice to produce such power.

The defendant may prove the declarations of the plaintiff's wife of the right of A to controul the demand, she being such agent of the plaintiff, in his absence, and having a right to use the avails when obtained.

That a note with surety, received as payment, must operate as payment.

This was an action of debt on a judgment, recovered in 1822,

CASES IN THE SUPREME COURT

Essex,
July,
1829.

Curtis
vs.
Ingham.

The defendant pleaded in bar payment and satisfaction in full since the commencement of the present action. This plea was traversed, and the issue joined to the jury. The defendant's testimony tended to prove, that the plaintiff, when called upon in *New-York*, for a settlement of this judgment, and some other matters, claimed as offsets in part, said he should do nothing about it; that he had given a power of attorney to his wife to settle the matter, and adjust the demands the defendant had against him; and that whatever balance was due to him must go to his wife. The plaintiff objected, that this testimony was inadmissible without producing the power of attorney, or proving notice to produce it. This objection was overruled. The defendant's testimony further tended to prove the sayings of the plaintiff's wife, (which were objected to, but admitted) that she had got rid of the demand, and was glad of it; that she had sold it to her son-in-law, *Isaac Farnham*, who was carrying on the suit. The testimony also tended to prove, that said *Farnham* claimed to be the owner of the demand, and had an arbitration with the defendant, by which the balance was ascertained, and, for that balance, he took a note from the defendant with surety, and gave a discharge in full.

The court charged the jury, that the testimony of *Chauncy Curtis* about the sayings of the plaintiff, if believed, was sufficient evidence of the authority of *Lucy Curtis* to settle and discharge the demand against the defendant; that, if they believed that testimony, and also found from the evidence in the case, that *Lucy Curtis* had authorized *Isaac Farnham* to institute and carry on the suit on the demand, and to settle and adjust the same, of which her declarations were evidence for them to weigh with the other evidence in the case, it was competent for *Farnham* to discharge the judgment; and that, if they so found, the adjustment made by *Farnham* with the defendant, and the note thereupon executed by the defendant and another, under the circumstances stated by *Moses Martin*, were a sufficient consideration for the discharge given by *Farnham* to the defendant, and, altogether, amounted to a satisfaction of the judgment.

There was a verdict for the defendant, and a bill of exceptions were allowed, containing the foregoing statement of facts; and the plaintiff removed the cause to the Supreme Court, on a motion for a new trial. The case was submitted without argument.

HUTCHINSON, J. after stating the case, delivered the opinion of the Court.—It appears by the case that the defendant succeeded on trial, by showing a settlement with *Farnham*, and a discharge

ESSEX,
July,
1829.

Curtis
vs.
Ingham.

from him. Now, it is objected that *Farnham* had no authority to bind the plaintiff by his settlement and discharge. The defendant showed this by proving, that the plaintiff said, while absent from his family, and in the state of *New York*, that he had given his wife a power of attorney to settle his matters with the defendant, and use the avails; and that she said she had sold to *Farnham* the judgment upon which this suit is brought. The defendant objected to this testimony without the production of the power of attorney, or notice to produce it. This objection was correctly overruled. The defendant need not prove a written power of attorney, nor does he undertake it. His object was to prove that the wife of the plaintiff had a right to settle this demand and receive the pay. The plaintiff's saying that he had communicated such authority, is sufficient to answer the defendant's purpose. If the defendant had merely offered proof, that a power of attorney was seen by a witness, and what its contents were, to the jury, he must produce the writing or give notice to produce it, so as to entitle himself to his secondary evidence. But here he offers no secondary evidence. He offers proof of the plaintiff's concessions to the facts: and, if the witness adds his saying that he had given a written power of attorney, it would lay the defendant under no obligation to give notice to produce it. It might be otherwise, if any other than a written power would be void. But an oral appointment, when proved, is as effectual in a case like the present, as one in writing. Moreover, the testimony in this case does not sufficiently show that there was any writing. The plaintiff said he had given his wife the power of attorney; saying nothing whether in writing or not. It is true, the expression " power of attorney" is most aptly used when a written power is intended. But the plaintiff might not so have intended it; and there might be no written power : and it would be wrong to deprive the defendant of his legal and proper testimony, merely upon a vague conjecture that there was a writing ; and even that resulting from the sayings of the plaintiff.

The other point is no less clear. The sayings of the wife, while executing this agency, even an agency accompanied with an interest, were good evidence against the plaintiff, who had thus created her his agent. The plaintiff had left the state, and left the whole controul of this business, if not of every other, with his wife, to settle and controul the avails. Her sayings come fully within the rules in 2 *Starkie*, 61—2, and 712, as evidence against her husband. After she said what was testified she did say, about *Farnham's* ownership and care of this demand, every person had a right to treat with him, and make payments to him ; and doing

Essex,
July,
1829.
───────
Curtis
vs.
Ingham.

so, they must be protected.   Her sayings must not be consider-
ed merely as an acknowledgement of previously existing facts, but,
also, as declaratory of the actual situation of *Farnham*, and the
confidence that might be placed in him by the defendant.

A further objection is raised, that the note given by the defen-
dant and his surety, was no payment, until it should be itself paid.
The note of the debtor is not, of course, payment of an antecedent
debt.   It is only so when the parties stipulate that it shall be  so.
But the note of the debtor with a surety, as in the present case, is
*prima facie* a payment; and must, at least, suspend the  original
cause of action, like a case decided in  *New-York*, until the note
should prove of no avail through  some mistake.   It is as much a
payment as a negotiable note or a contract of a higher nature.   It
is to be presumed that the defendant had, by a pledge or  other-
wise, secured his bail.   Moreover, the discharge shows that it was
agreed to be in full.   And the naming, in the discharge, a sum, a
few dollars less than the judgment in suit, would not vary the case.
The principle has never been adopted in this state, that a less sum
being named in a discharge prevents its operating as such.   The
note was a good consideration for the discharge, as mentioned by
the court in their instructions to the jury.   The  exceptions are
overruled, and the judgment of the county court is affirmed.

Judgment affirmed.

*Sheaf*, for plaintiff,
*Wm. Mattocks*, for defendant.