NEW-YORK,<br>May, 1830.<br>Hopkins<br>v.<br>Mollinieux.

HOPKINS vs. MOLLINIEUX.

*A wife may act as the agent of her husband ; and a subsequent acknowledgment or ratification of her acts by the husband is evidence of and equivalent to an original authority.*

This was an action of assumpsit, tried at the Niagara circuit in November, 1827, before the Hon. JOHN BIRDSALL, then one of the circuit judges.

The defendant was in possession of a farm sold to him by the plaintiff, on which there was a mortgage executed by the plaintiff, and which had been assigned by the holder to one Carpenter. In 1818, the wife of the plaintiff made an arrangement with the defendant, by which it was stipulated that she should deposit with one Townsand a note, made by one Hersey to her husband, bearing date in April, 1818, for $1000, payable in lumber in one year from date, with directions that the defendant should receive one half of the avails thereof, and that if the drawer of the note consented, separate notes were to be given, each taking a note for $500 ; in consideration whereof, the defendant promised to pay and discharge the mortgage holden by Carpenter. The half of the note exceeded the amount due on the mortgage. The note was accordingly deposited. Hersey subsequently offered the defendant to divide the note by giving two notes for the amount. The plaintiff was absent from the state at the time of the negotiation between his wife and the defendant, but returned previous to the falling due of the note of Hersey, and then told Hersey in a conversation relative to the note, " that he

had made the payment of the mortgage by the lumber note, and that it was the only way that he could pay the debt; that the defendant had agreed to receive it as payment, and that he (Hersey) must provide for the payment of the defendant's share of the note when it fell due, and that if the defendant did not attend to receive the timber, he must get it appraised." On the day the note became due, Hersey made a delivery of lumber in Lewiston, (probably the place of payment of the note, though not stated in the case.) to the amount of $700, out of which the defendant's share of the note was intended to be paid by the maker, the plaintiff having agreed not to insist upon a delivery of his share. It was proved by a Mr. Dickinson that in the month of June, 1818 and previous to the plaintiff's leaving home, the plaintiff told the witness that he had left the note of Hersey with his wife, to turn out to the defendant to pay up the mortgage in question. This evidence was objected to, but received subject to the opinion of the court. The mortgage holden by Carpenter was subsequently foreclosed, and the farm sold, which proving insufficient to satisfy the debt, Carpenter, by the procurement of the defendant, commenced a suit against the plaintiff, and in January, 1820, recovered a judgment for $472,69, on which judgment a ca. sa. issued, and the plaintiff in this suit was arrested. A verdict was taken for the plaintiff for $664,40, subject to the opinion of the court.

*Z. H. Colvin*, for plaintiff.

*W. Hotchkiss*, for defendant.

*By the Court*, SUTHERLAND J. I think the weight of evidence is that the defendant agreed to receive one half of the Hersey note absolutely, and not by way of security only ; and that it was deposited with Mr. Townsend expressly upon those terms. The testimony of Townsend and Hersey is very clear and explicit upon this point. The material question in the case is whether it was shewn by competent evidence that Mrs. Hopkins, who made the contract with the defendant and delivered the note to Townsend, acted as

the authorized agent of her husband the plaintiff. If she had authority from him to make the arrangement, then the contract was binding upon him, and was properly stated in the declaration as made with him. A wife may act as the agent of her husband ; and if he permits her so to act in any particular transaction, he adopts and is bound by her acts and admissions, and they may be given in evidence against him ; (1 Strange, 527 ; 1 Esp. N. P. Rep. 142 ; 2 id. 511, *note ;* 2 Kent's Com. 150 ;) and a subsequent acknowledgment or ratification of her acts by the husband must be, in this as in other cases of principal and agent, evidence of and equivalent to an original authority. That the acts of Mrs. Hopkins, in making the arrangement with the defendant, were approved of and ratified by the plaintiff, is satisfactorily shown, independently of the testimony of Alexander Dickinson, which was objected to on the trial. John Hersey, the maker of the note, the one half of the interest in which was transferred to the defendant, testified that when he informed the plaintiff that the defendant refused to receive the lumber upon that note, and asked what was to be done, he replied "that he had made the payment by the lumber note, and that the defendant had agreed to receive it as payment, and that the witness must provide for the payment of the defendant's share of the note when it fell due ; and if the defendant did not attend to receive the lumber, the witness must get it appraised," &c. He further testified that the defendant never, in his conversation with him, pretended that Mrs. Hopkins had not authority to make the contract in her husband's behalf.

The evidence as to the declarations of the plaintiff, as testified to by this witness, was not objected to ; and it shews conclusively that the plaintiff treated and spoke of the transaction as though he had managed it in person: " *He had made the payment,*" *&c.* A jury would be fully warranted in finding from this evidence that Mrs. Hopkins acted by the authority and with the full approbation of her husband.

The verdict being subject to the opinion of the court, we are bound to draw the same conclusions which a jury would have been justified in drawing.

Admitting therefore that it was improper to permit the plaintiff to establish the authority of his wife, by proving his own declarations to Dickinson previous to the transaction, that he had left the note in question with her, and fully empowered her to make the arrangement, &c. still, her agency being established by other evidence, the plaintiff, on a case subject as this is to the opinion of the court, would be entitled to judgment. It would be otherwise if the evidence had been submitted to and passed on by the jury.

Without expressing any opinion, therefore, whether this evidence was admissible or not, I think, for the reasons which I have stated, that the plaintiff is entitled to judgment.