Riley *v.* Suydam.

SAME TERM. *Before the same Justices.*

RILEY and PHILIP *vs.* SUYDAM and others, adm'rs, &c.

A wife may act as the agent of her husband; and if he permits her so to act in any particular business, he adopts, and is bound by, her acts and admissions in reference to such business, and they may be given in evidence against him.

THIS case was tried by a referee appointed pursuant to the statute relative to executors and administrators. The plaintiffs had presented to the defendants as the legal representatives of the estate of Henry Stebbins, deceased, a claim against the estate for board, washing, &c. to the amount of $157,32, which was the subject of the reference. Upon the hearing before the referee it appeared that the wife of the plaintiff Riley and the plaintiff Philip, who is a brother of Riley's wife, lived together, and that Stebbins, the defendants' intestate, had boarded with them several years; that Riley was absent most of the time; that the business of the family was managed principally by Mrs. Riley; that Stebbins, while boarding in the family had furnished provisions to a considerable amount. The counsel for the defendants proved by several witnesses that after the death of Stebbins Mrs. Riley had admitted that he did not owe the plaintiffs any thing. The evidence was objected to, on the ground that the admissions of a wife are not competent evidence against her husband. The referee reported in favor of the defendants, and a motion was now made to set aside the report.

Riley v. Suydam.

*G. Van Santvoord*, for the plaintiffs.

*J. H. Reynolds*, for the defendant.

*By the Court*, HARRIS, J.   The only question in this case is whether the admissions of Mrs. Riley, that Stebbins was not indebted to the plaintiffs, were properly received as evidence, by the referee.   The general rule, undoubtedly is that the declarations of the wife are not evidence against her husband.   But a wife may act as the agent of her husband; and if he permits her so to act in any particular business, he adopts, and is bound by, her acts and admissions in reference to such business, and they may be given in evidence against him.   (*Hopkins* v. *Mollinieux*, 4 *Wend*. 465.   *Emersen* v. *Blanden*, 1 *Esp. Rep*. 142.) Thus, a wife's declaration of what she had agreed to give a nurse, was received as good evidence to charge the husband, because she was his agent in hiring the nurse.   (*Strange*, 527.) And in *Hughes' adm'rs* v. *Stoke's adm'rs*, (1 *Haywood*, 372,) the declarations of the wife, who managed her husband's business as tavern keeper, he being incapable of managing his affairs by reason of insanity, were received in an action for board, to show payment.   (*See also Curtis* v. *Ingraham*, 2 *Verm. Rep*. 289, *and Fenner* v. *Lewis*, 10 *John*. 38.)   In *Anderson* v. *Sanderson*, (1 *Holt*, 591,) the defendant's wife had bought goods of the plaintiff which the defendant had hawked about the country.   Upon a plea of the general issue and the statute of limitations, it appearing that the last purchase of goods was more than six years before the action was brought, the admissions of the wife were offered, to take the case out of the statute.   It was objected that the wife could only be considered as the agent of her husband, and that the admissions of an agent are only binding when made at the time of the transaction to which they relate.   But it was held by Richards, lord chief baron, that as the wife was the only person accustomed to purchase goods at all, she was the only proper person to make admissions of the amount due.   In *Clifford* v. *Benton*, (1 *Bing*. 199,) it was held that where a wife served in her

husband's shop, in his absence, her admissions made upon an application to pay for goods previously delivered at the shop might be received in evidence to establish the plaintiff's demand against the husband for the price of the goods. These decisions seem fully to sustain the ruling of the referee, in admitting the declarations of Mrs. Riley to show that there was nothing due to the plaintiffs for the board of Stebbins. Such declarations were within the scope of her authority and related to the business she had conducted for the plaintiffs.

Nor do I think that the objection, that the declarations of Mrs. Riley, if admissible against her husband, cannot be received against the other plaintiff, is well taken. The admissions are only received against the husband on the ground that she is to be regarded, under the circumstances of the case, as his agent, acting within the scope of her authority. In this case I think she is equally to be regarded as the agent of the plaintiff Philip. If, indeed, he was a partner at all with Riley, of which there is very little proof, then Mrs. Riley was conducting the business for him as well as for her husband. And it may well be said in this case, as it was in *Anderson* v. *Sanderson*, that she is the only proper person to make admissions of the amount due. She alone could know whether she had been paid for Stebbins' board, or, if any thing was due, what was the amount of it.

The referee having decided correctly in admitting evidence of her declarations, the motion to set aside the report must be denied.

Motion denied.