## GATES *against* BROWER.

Where the wife of a farmer, who was in the habit of directing the business of the farm, renting lands, purchasing tools, stock, merchandise, &c., purchased a span of horses for which she gave a note in her own name; *Held*, in an action against the husband to recover the value of the horses, that it was a question for the jury whether the wife did not act, in making the purchase, as the agent of her husband.

Gates *against* Brower.

That th● giving of the note was not conclusive evidence to the contrary ; and That the act of 1848, in regard to the rights of married women, did not affect the case.

ACTION commenced in April, 1850, to recover the value of. a span of horses alleged by the plaintiff to have been sold by him to the defendant, which the defendant denied. It appeared on the trial that the defendant was a farmer, and that his wife had the principal management of his business, directing what was done on the farm, renting lands, purchasing tools, stock, merchandise, &c., and selling crops, and had once given her own note for articles purchased, which the defendant paid. The purchase of the horses in question was made by the wife on the 5th of October, 1848, for which she gave her own note. She said to the plaintiff at the time that she bought the horses for herself; and that they were hers. They were used on the defendant's farm, occasionally by the defendant, but generally by his sons, who did most of the work, usually under their mother's direction, but sometimes directed by the defendant. It did not appear that the wife had any separate estate.

The judge, on this state of facts, holding that the wife on her own account, was the purchaser of the horses, nonsuited the plaintiff. The case came before this court on appeal from the judgment of nonsuit.

. *N. F. Graves* for the appellant.

*Vandenburgh & Woolworth* for the respondent.

MASON, J. I think there was evidence in this case which should have been submitted to the jury to determine whether these horses were not in fact purchased by the wife acting in behalf of the defendant, and whether the purchase was not in fact his. There was evidence in the case from which a jury might justly have found such to be the case. There was evidence that Mrs. Brower acted as the agent of her

Gates *against* Brower.

husband, and of her authority so to act. She had for years generally transacted the mercantile business of the family, and had before given her note which was taken up by the defendant. She seems to have conducted the law business for her husband. She seems to have had a general supervision of the defendant's farm, and usually directed in regard to its management; and she was in the habit of doing all these things with the defendant's assent, express or implied. He knew of the purchase of these horses and made no objections to it, but on the contrary, I think, ratified the purchase. The horses were used as a team on his farm, and he and his boys used them. All this was certainly very strong evidence to submit to a jury upon the question of the wife's agency and of the defendant's ratification thereof, and should have been so submitted. The husband is bound by the wife's contracts in such cases from a presumed assent to the purchase. (2 *Kent's Com.*, 146.) It is upon this principle that he is bound by such contracts of his wife respecting those matters about which it has been usual for her to contract and for him to sanction. (*Reeve's Domestic Relations*, 79.) This is upon the same ground that he would be bound if his servant had contracted for him. The liability proceeds upon the ground that he has constituted his wife his agent in the transaction. (*Bac. Abr., tit. Baron and Feme, H and I; Reeve's Dom. Rel.,* 79 ; 2 *N. Hamp.*, 176 ; 10 *John.*, 38 ; 3 *Bing.*, 170 ; 4 *Barb.*, 222 ; 7 *How.*, 106.) It was held in the case of *Petty* v. *Anderson* (3 *Bing.*, 170) that the husband was liable for articles furnished the wife where she was carrying on business in her name with his knowledge, though the invoices and receipts were in the name of the wife, and although she was rated for and paid the poor and paving rates. The same precisely is the case of *Lovett* v. *Robinson* (7 *How. Pr. R.*, 105), where judge WILLARD held the husband liable. The wife may not only act as the agent of her husband, but any subsequent acknowledgment or ratification of her acts by the husband is evidence of, and

equivalent to an original authority. (4 *Wend.*, 465; 4 *Barb.*, 222; *Bacon's Abr.*, tit. *Baron and Feme, let. H.*); and it is said he tacitly ratifies and adopts her acts, when having received the goods she has purchased he does not return them. (1 *Camp.*, 120; *Bacon's Abr.*, tit. *Baron and Feme, let. H.*) And it is said in books of very high authority that if there is any evidence to show an assent of the husband, it is a question for the jury to determine whether the debt was or was not contracted under his assent. (*Bacon's Abr., ubi supra.*) The fact that the plaintiff took the note of the wife on the sale of these horses, does not furnish such conclusive evidence that the purchase was not in fact for the benefit of the husband as to be incapable of being overcome by the other evidence in the case. (*White* v. *Cuyler*, 6 *T. R.*, 176.)

The acts of 1848 and 1849, in regard to the rights of married women, do not in any manner affect this case.

The judgment of the court below ought to be reversed and a new trial granted.

All the judges concurring in the above conclusions,

> Judgment reversed and new trial ordered.