J. H. McMURTRY, PLAINTIFF IN ERROR, v. MARY W. BROWN, AND OTHERS, DEFENDANTS IN ERROR.

1.  **Principal and Agent.** The character of a power under which an agent may execute a deed for another depends upon the presence or absence of the principal.

2.  ———: EXECUTION OF DEED BY AGENT. If the deed is signed in his presence, by his direction, an oral request is all that is required. But when the deed is to be made in his absence the authority must be given by an instrument under the hand of the principal and duly acknowledged.

3.  **Deed.** A deed at common law is defined to be a written instrument under seal, containing a contract or agreement, which has been delivered by the party to be bound and accepted by the obligee or covenantee.

4.  ———: POWER TO CONVEY. A mere power to convey is not regarded in law as a contract, therefore, it is not necessary that the donee of a power should be capable of contracting.

5.  **Married Woman's Act.** Under the statute of 1871, a husband may act as the agent of his wife, and she may authorize him by power of attorney to convey her lands, although they cannot convey to each other, being generally deemed but one person in law; yet this does not preclude the husband from acting as agent of his wife.

6.  **Estoppel.** The receipt of purchase money with the knowledge that the purchaser is paying it upon an understanding that he is purchasing a good title, touches the conscience and binds the rights of the parties as effectually in a *void* as a *voidable* proceed-

ing; and the same principle applies when a party retains the benefits derived from an agency and has ratified the acts of the agent. He is thereby precluded from denying the authority of the agent.

7. **Practice:** EXCEPTIONS TO REPORT OF REFEREE. Where no exceptions are filed to the report of a referee his finding of the facts will be conclusive.

ERROR from the district court of Gage county. Tried below before Weaver, J. The facts necessary to an understanding of the case are stated in the opinion.

*Lamb, Billingsley & Lambertson* and *John H. Ames,* for plaintiff in error.

It is entirely unnecessary, in the view we take of the case, to discuss the matter as to whether the power of attorney in question in 1870 was void or not, and if it were section forty-seven of our statutes, title-Real Estate, gives to a married woman power to manage, control, lease, devise, or convey her lands as if she were single. This clearly implies the power to appoint an agent or attorney, and to convey by power of attorney when convenient. Wharton says: " Wherever she has, either by statute or by settlement, business powers, she may execute such powers through an agent." Wharton on Agency, Sec. 11 and note.

The exchange in this case took place, however, in 1873, since the passage of our married woman's act, and in settling the rights of the parties that act must be kept in view, and we suggest that the fact of Merrill's agency, at the time of the exchange, to make this sale and exchange may be proved by any competent testimony, although the authority under which he conveyed these premises was this power of attorney. *Columbia D. B. Co. v. Geisse,* 38 N. J. Law, 39. And by reference to the seventeenth finding of fact it clearly appears H.

26

W. Merrill's agency was general and his authority unrestricted, and that this was the only power of attorney that was ever executed to him. So that keeping in view the situation of the parties and the surrounding circumstances, this power of attorney was sufficient to authorize H. W. Merrill to execute the conveyances in question. *Sullivan v. Davis*, 4 Cal., 293. *De Rutte v. Muldrow*, 16 Id., 505. *Maynard v. Merce*, 10 Nev., 33. *Hartford Ins. Co. v. Wilcox*, 57 Ill., 184. *Fay v. Sears*, 111 Mass., 57.

Whether H. W. Merrill, at the time of this exchange, had any authority or not, and whether the power of attorney, and every act of H. W. Merrill, done in the name of Louise Merrill, was at the time void or not, can now make no difference. She has ratified and adopted all that he did, so that it cannot now be undone. 1. The seventeenth finding of fact finds that he was her general agent. 2. The face of the papers show that he acted in that capacity. 3. The sixth finding of fact finds " that the execution of each of said notes, deeds, and trust deeds, and the surrendering and cancelling of said old notes and chattel mortgage, were each and all parts of one and the same transaction, and in pursuance of the said agreement as an entirety."

The plaintiff, Brown, in her petition, alleges that Louise M. Merrill, by her attorney in fact, duly authorized thereto, executed the notes and mortgages sued on, and she, in her answer, admits that she executed them " in manner and form," as set forth in the petition, etc., and that there was due, etc. She is estopped by the record. Sec. 31, Code Civil Proc. *Guthrie v. Howard*, 32 Iowa, 54. *Gambetta v. Brock*, 41 Cal., 78. *Van Meter v. Wolf*, 27 Iowa, 34. The decree itself in the case is based upon her ratification or adoption of a part only of this entire transaction; it attempts to carry out a part only, and to absolve the principal from ratifying

inseparable portions of the same matter.  This cannot be done.

_M. H. Sessions_, for defendants in error.

It may be contended that our statute authorizing married women to sell, dispose of, devise, and convey real estate, as though ·single, would give them the right to dispose of the same by power of attorney.  Grant this for the sake of argument; would that necessarily give her the right and power to appoint her husband her agent and attorney, to sell and convey her lands?  Notwithstanding the statute has given her this power with-·out limit, nevertheless she cannot convey the same,direct to her husband, and if she should, such conveyance would be a nullity.  _White v. Wager_, 25 N. Y., 328. _Aultman v. Obermeyer_, ante p. 260.

One of the reasons assigned by Judge Denio, why the wife could not convey direct to the husband, was expressed in the following terse and explicit language: " We should not expect to find in a law, passed professedly to shield the property of married women from the control of her husband, a provision making it more easy for the latter to acquire such control.  Beyond all doubt the greatest point to which the separate estate of the wife is exposed is her disposition to acquiesce in placing the _title to it in the hands of her husband._" Now if this is a good and cogent reason why the wife cannot convey direct to the husband, it is equally good to prevent her from having the power to appoint him as her agent and attorney to sell and convey the same, for in the obtaining of the letters of attorney from her, he has obtained the absolute power and control of the sale and disposition of the same, the very thing that the policy of the law inhibits.  Section forty-two, Gen. Stat., 880, gives to a married woman all the power and author-

ity to dispose or deed her real property away that she gets by the subsequent acts of the legislature. Section forty-six defines what the term deed shall embrace or include. Section forty-seven exempts from what would be included in such definition of "deed," a letter of attorney to convey lands—so that the statute has given the wife no authority to thus dispose of her lands by attorney, but on the contrary, taking all the sections together, inhibits her doing it. *McFarland v. Goodman*, 13 A. L. R., 700. *Holiday v. Daily*, 19 Wall., 609.

The power of attorney gave H. W. Merrill no power to sell and convey lands, or to encumber the same by mortgage, or to execute notes for and in behalf of Louise M. Merrill. *Gee v. Bolton*, 17 Wis., 604. *Lord v. Sherman*, 2 Cal., 498. *Greenwood v. Spring*, 54 Barb., 375. *Clark v. Graham*, 6 Wheat., 577.

MAXWELL, J.

On the twenty-eighth day of July, 1870, Louise M. Merrill, a married woman, residing with her husband in Lancaster county, and owning a considerable tract of land therein, executed and delivered to her husband a power of attorney authorizing him in her place, name, and stead, to execute and acknowledge for her and in her name, all and every instrument in writing, deed, or mortgage, giving and granting unto Herman W. Merrill, her said attorney, full power and authority to do and perform all and every act and thing whatsoever requisite and necessary to be done in and about the premises, as fully to all intents and purposes as she might or could do if personally present, etc. There was an incumbrance on the lands owned by her in Lancaster county. In December, 1873, Merrill, under the above power of attorney, exchanged the lands owned by his wife in Lancaster county for lands owned by A. S.

Edgerly in Gage and Colfax counties, and executed a mortgage in his wife's name on the Gage county lands to F. W. Hohmann to secure the payment of the sum of about $800.00  He also executed a mortgage on said lands in his wife's name to A. S. Edgerly to secure the payment of the sum of $572.00; likewise a mortgage on said lands in his wife's name to J. H. McMurtry, to secure the payment of the sum of $700.00.  Hohmann assigned his mortgage to Mary W. Brown who brought an action to foreclose the same, and made Merrill and wife, A. S. Edgerly, and J. H. McMurtry parties defendant.   Louise M. Merrill answered the petition, stating among other things " that she admits that on the twenty-sixth day of December, 1873, she executed and delivered, together with her husband, the said notes and mortgage to the said F. W. Hohmann, in manner and form as set forth in said plaintiff's petition," etc.   She denied the authority of her husband to execute the mortgages to Edgerly and McMurtry.   The case was referred to S. B. Pound, who made a report, to the finding of facts of which no exceptions were filed by either party.   The report was confirmed by the court and a decree entered in conformity therewith.   While the action was pending in the district court, Louise M. Merrill and her husband executed and delivered a deed to A. S. Edgerly for the lands in Lancaster county given in exchange for the Gage county lands, the consideration therefor being the sum of $50.00 in money and the assignment by Edgerly to M. H. Sessions of the mortgage on the Gage county lands for the sum of $472.00.

The decree in the court below was in favor of Mary W. Brown for the amount claimed in the petition and against McMurtry, the court holding that the mortgage given to him, executed by Merrill in his wife's name, was void. McMurtry brings the case into this court by petition in error.

The referee finds that on the twenty-fourth day of December, 1873, Edgerly held a note, secured by chattel mortgage, against Louise M. and Herman W. Merrill for a considerable amount, and that Mrs. Merrill held in her own right a farm or tract of land in Lancaster county on which was a mortgage lien; that Edgerly owned the tract of land in Gage county described in the petition, and that on that day Edgerly, and Herman W. Merrill, for himself and wife, entered into an agreement whereby they were to convey to Edgerly the tract of land in Lancaster county, subject to the mortgage lien thereon, and Edgerly was to convey to Louise M. Merrill the tract of land in Gage county described in the petition, and also an interest in certain lands in Colfax county; and the Merrills were to advance and pay Edgerly the sum of $234 on the note and chattel mortgage, which were to be surrendered and cancelled, and the balance due, being the sum of $572, was to be secured by a trust deed, to be executed by the Merrills on the Gage county lands.    The referee also finds that McMurtry assisted Merrill in effecting and bringing about this agreement, concerning which there had been considerable previous negotiations, and that he had agreed to advance and pay Edgerly the said sum of $234, on account of the Merrills, in order to consummate the agreement. That on that day and in pursuance of the agreement Edgerly conveyed to Mrs. Merrill the lands lying in Gage county and an interest in the Colfax county lands, and Herman W. Merrill, in his own name and in the name of his wife, conveyed to Edgerly the Lancaster county lands, subject to the lien of the mortgage.    And that afterward, to-wit: on the twenty-seventh day of December, 1873, Herman W. Merrill, in his own and his wife's name, executed a note for the sum of $472 to Edgerly, secured by a mortgage on the Gage county lands, and thereupon the old note and chattel

mortgage were surrendered and cancelled; that at that time McMurtry advanced to the Merrills and paid to Edgerly for them the sum of $234 for the purpose of consummating the agreement.   The referee also finds *that the execution of each of said notes, deeds, and trust deed, and the surrendering and cancelling of the old note and chattel mortgage, were each and all parts of the same transaction, and in pursuance of said agreement as an entirety.*   The referee also finds that the consideration of the note and mortgage to McMurtry was the said sum of $234 and $16 in money and three promissory notes amounting in the aggregate to $200, all of which was paid and delivered to Herman W. Merrill at the time of the execution of the mortgage to McMurtry, and the further sum of $250 being commissions charged by McMurtry for his services in effecting the transactions between Edgerly and the Merrills.   The referee also finds that Herman W. Merrill has acted as the general agent of his wife for many years prior to the giving of said power of attorney, and down to and since giving the notes, trust deed, and mortgages in controversy, and has had authority to act at his pleasure in reference to her business.   That Herman W. Merrill received the avails of the note and mortgage to McMurtry as the agent of his wife in the manner heretofore set forth, and *used the same for her benefit.*

The character of a power under which an agent may execute a deed for another depends upon the presence or absence of the principal.   If it is signed in his presence, by his direction, an oral request to do the act is all that is required.   But when the deed is to be made in his absence the authority must be given by an instrument under the hand of the principal and duly acknowledged. The statute of 1871 removed the disability of the wife, so far as her separate property is concerned, and she is now capable of acting in respect thereto, not only for

herself, but by an agent. This court has already held in the case of the *Aultman Taylor Manf. Co. v. Obermeyer*, ante p. 260, that the statute does not enable the husband to convey land directly to the wife, but it does not follow that the husband is thereby precluded from acting as the agent for his wife. There is a difference between a mere power to convey and a conveyance itself. *Weisbrod v. The C. & W. R. W. Co.*, 18 Wis., 35. A conveyance is to be regarded as a contract. A deed at common law is defined to be: "A written instrument under seal, containing a contract or agreement which has been delivered by the party to be bound, and accepted by the obligee or covenantee." Coke Litt., 171. 2 Blackstone Com., 295. Shep. Touchstone, 56. 1 Bouvier Dict., 444. It must be between competent parties, and must have been made without restraint. But a mere power to convey is not regarded in law as a contract, therefore it is not necessary for a person to be capable of contracting in order to qualify him to act for others. And it has been held at common law that a wife may be an attorney of another to make livery to her husband upon a feoffment, and a husband may make such livery to his wife, although they are generally deemed but one person in law. Story on Agency, 8. *Emerson v. Blonden*, 1 Esp., 142. *Prestwick v. Marshall*, 7 Bing., 565. *Palethorp v. Furnish*, 2 Esp., 511. *Hopkins v. Mollineux*, 4 Wend., 465. *Weisbrod v. C. & W. R. W. Co.*, 18 Wis., 35. The objection that by such an appointment the husband is entitled to the entire control of the wife's property is not entitled to any weight. The statute authorizes her to bargain, sell, and convey her real and personal property, and enter into any contract with reference to the same in the same manner, and to the same extent, and with the like effect as a married man may in relation to his real and personal property. By statute this property is not subject to disposal by her husband,

nor liable for his debts, and she is left free to select whom she pleases to act as her agent in managing or disposing of the same. But there is nothing to prevent her from appointing her husband as her agent if she see fit to do so; and if she do so, she will be bound by his acts within the scope of his authority.

But in the view we take of the law, Mrs. Merrill is bound by the acts of her husband in this transaction so far at least as her estate has been benefitted, no matter whether her husband was legally authorized to execute the note and mortgage in question or not. The finding of the referee that the execution of said notes, deeds, and trust deed, and the surrendering and cancelling of said notes and chattel mortgage were each and all parts of one and the same transaction and in pursuance of the agreement as an entirety, is conclusive on that point.

It is clearly shown that she has ratified the exchange of lands, that she has ratified the note and mortgage made to Hohmann, and she has ratified the note and mortgage made to Edgerly, and required their assignment to Sessions. The referee finds that $450 of this claim of the plaintiff was used for the benefit of the estate. This sum she is in justice bound to pay. She accepted the release of the chattel mortgage which was effected by the money loaned by the plaintiff, and must have known how the money was obtained.

In *Wamsley v. Crook*, 3 Neb., 352, this court say: "The receipt of the purchase money with the knowledge that the purchaser is paying it upon an understanding that he is purchasing a good title, touches the conscience, and binds the rights of the parties as effectually in a *void* as in a *voidable* sale." The same principle applies in this case. The money to release the chattel mortgage was obtained by the execution of the note and mortgage in question. She has ratified other portions of the transaction, why not this? She

Hosford v. Stone.

proposes to retain the fruits of the agency, and deny the authority of the agent. This she cannot do. To the extent therefore of $450 and interest thereon, the plaintiff's claim is a lien upon her estate. As it does not appear that the plaintiff rendered the services in question, for which he claims $250 as commissions, under her authority or at her request, that portion of his demand must be disallowed. Objections are made to certain findings of the referee, but as no exceptions were filed to his report his finding of facts is conclusive.

The judgment of the district court is reversed and the cause remanded for further proceedings.

JUDGMENT ACCORDINGLY.

