### TOWN OF GOSHEN v. SMITH et al.

(Supreme Court, Appellate Division, Second Department. May 31, 1901.)

1. OVERSEERS OF POOR—DEFALCATION—OFFICIAL BOND—SURETIES' LIABILITY —EVIDENCE.

Since Poor Law, § 26 (Laws 1896, c. 225), requires overseers of the poor to keep books of account, and to render therefrom verified itemized accounts, to be audited by the town board of auditors, such accounts are admissible as proof of the condition of the accounts of an overseer of

the poor in an action on his official bond to recover for a defalcation against his sureties.

**2. SAME—DATE OF DEFALCATION.**

An overseer of the poor served three terms, commencing in 1891, 1894, and 1897. His official account, audited March 1, 1895, contained an item as "cash on hand last settlement," $102.08, and the balance remaining on hand at that time was carried into the account for the second term. In an action on his official bond for a defalcation, his sureties introduced his books of account on which this item was carried in the 1895 account as "cash on hand from last set." *Held*, that the defalcation in the amount of such item occurred during the second, and not during the first, term of the overseer's office, so that it was no defense that the action was not brought on the bond for the first term.

**3. SAME—EXECUTION OF BOND—PRIOR DEFALCATION—TOWN BOARD—KNOWLEDGE—EFFECT.**

Since the knowledge of members of a town board of the prior defalcations of an overseer of the poor at the time defendants executed a bond for the faithful performance of his duties could not be imputed to the town, such knowledge was no defense to a subsequent action by the town on such official bond to recover such defalcations.

Appeal from trial term, Orange county.

Action by the town of Goshen against Theodore Smith and Richard. H. Wood, as sureties on the official bond of Edward M. Thurston, overseer of the poor, to recover a defalcation. From a judgment in favor of plaintiff, defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

Henry Bacon (Joseph Merritt, on the brief), for appellants.
M. N. Kane, for respondent.

HIRSCHBERG, J. The action was brought to recover money alleged to have been misappropriated by one Edward M. Thurston, as overseer of the poor of the town of Goshen, and for whom the defendants were sureties upon his official bond. It appears that he served three successive terms of three years each as overseer of the poor, commencing respectively in the springs of 1891, 1894, and 1897. The defendants are sureties on all of the bonds given by him for these terms, but the action is only on the last two. There is no serious dispute about the fact of his defalcation in the sum for which the defendants have been held liable, but they charge various errors in the rulings of the trial court, which will be considered as presented.

The official verified reports filed by the overseer from time to time were received in evidence as proof of the condition of his accounts, both of receipts and disbursements. By section 26 of the poor law (chapter 225, Laws 1896), the overseer was obliged to keep books of account, and to render from them verified itemized accounts, to be audited and settled by the board of town auditors. That such accounts were competent evidence against the sureties would seem to follow from the decision in Board v. Bristol, 99 N. Y. 316, 1 N. E. 878. That action was on a county treasurer's bond, and Chief Judge Ruger said (page 321, 99 N. Y., and page 881, 1 N. E.):

"The undertaking of sureties on a treasurer's official bond is that he shall faithfully perform his duties, and this involves the obligation of making correct reports, conforming to the requirements of the statute, as well as the payment of funds in his custody. In an action against sureties for an alleged breach of such a bond, the official reports made during the term covered by them are a part of the res gestæ, and competent evidence, not only of the facts affirmatively appearing therein, but also of such other facts and circumstances bearing upon the liability of the sureties as are legitimately inferable therefrom. Fenner v. Lewis, 10 Johns. 38; Douglass v. Howland, 24 Wend. 36; 1 Greenl. Ev. § 187. This arises not alone from the principle authorizing the reception of such evidence as declarations of the principal, but as being an official act performed under the direction of the statute in pursuance of the stipulations contained in the bond, whereby the sureties have assumed the liability of any neglect in the discharge of the duty. Goss v. Watlinton, 7 E. C. L. 380; Whitnash v. George, 15 E. C. L. 295; Middleton v. Melton, 10 Barn. & C. 317."

If there is anything in the cases cited by the appellants, viz. Bissell v. Saxton, 66 N. Y. 55, and Kellum v. Clark, 97 N. Y. 390, in conflict with this,—and I do not think there is,—it must be deemed to be overruled by the later decision.

In the account of the overseer audited March 1, 1895, an item of $102.08 appears as "cash on hand last settlement." The last settlement referred to was at the termination of his first three years of service, and the balance then remaining on hand was carried over into the account for his second term. The defendants introduced the overseer's books of account in evidence, on which this item is carried in the 1895 account as "cash on hand from last set." The evidence, therefore, all indicates that the defalcation involved in the misappropriation of this item occurred during the second, and not the first, term of the overseer, and that the defendants were properly charged with it. The case differs in this respect from Kellum v. Clark, supra, in that there the overseer testified that he had the spent money in question for his own use before the commencement of the term covered by the bond sued on. Here there is not only no such evidence, but what there is is the other way.

The defendants offered to prove that certain members of the town board knew, before the second bond in question was executed, that the overseer was short in his accounts. The evidence was excluded, and in this there was no error. The learned counsel for the appellants cite cases to the effect that the fraudulent concealment by the obligee of material facts in relation to the character and conduct of the principal will operate to relieve the surety obligor from liability on the bond; but such cases have no application to this one. The town of Goshen, in its corporate capacity, has done and omitted nothing by which the bonds in question could be invalidated. The members of the town board are town officers, as the overseer was. If they deceived the defendants as to the condition of the overseer's accounts, the remedy is against them, and not the town. The evidence excluded might possibly have been competent if offered for the purpose of impeaching the overseer's reports or the audits. It does not appear to have been offered or intended for that purpose, nor does sufficient appear to indicate that it would or could have been effective in that regard. But, for the purpose stated

70 N.Y.S.—40

by counsel at the time it was offered, it seems clearly incompetent and immaterial.

The judgment should be affirmed, with costs, upon the law and facts. All concur.