ORANGE,
*March,*
1841.

## JAMES PEACH *v.* ARCHIBALD MILLS.

If a justice be at the place set for trial in a writ, returnable before him, within two hours after the time appointed, and the writ be then return- ed, so as to be within his knowledge and power, and he come there for the purpose of taking cognizance of the suit, it is not necessary he should remain until the defendant appear, or until the expiration of the first two hours; nor is it necessary that he should have come to the place of trial with that purpose. It is enough, if he came there to take cognizance of the cause, and to dispose of it in an any appropriate mode, and conven- ient time.

PRACTICE.—In all cases where an issue of fact is joined upon a plea in a- batement, whether the same is tried by the court or jury, judgment should be rendered in chief upon the merits of the action, if found against the defendant.

Where actions are brought into this court, on exceptions, they are finally disposed of here, unless by some determination of this court, or new pleadings, the cause is put in such a state that the parties are entitled to a trial by jury. In that event, only, are causes remanded to the county court.

THIS was an action of book account, commenced before a justice of the peace, wherein a plea in abatement was pleaded, which was overruled by the justice and the defendant ap- pealed to the county court.

The plea in abatement was, in substance, that the justice, who signed the plaintiff's writ, was not present with the writ at the place therein appointed for trial, within two hours after the time therein set for trial. The plea was traversed, and issue was joined to the court.

The case was submitted, in the county court, upon the following statement of facts; viz:—

The justice, before whom the writ was made returnable, went to the place appointed for trial between the hours of ten and eleven o'clock, in the forenoon, and was there in- formed by a clerk in the office, that the writ in this suit was made returnable on that day, at ten o'clock in the forenoon. The justice then inquired if a trial was expected, and the clerk replied that he did not know. The justice then said "I must be gone for a short time, and if the defendant ap- pears, let me know it," and left the office. He returned to the office at ten minutes past one o'clock in the afternoon, and found the parties there, and immediately proceeded to call the case, which was objected to by the defendant. The

ORANGE,   writ was at the place of trial when the justice first went there,
March,    at which place he keeps his files.
1841.

Peach         The county court, upon this statement, rendered judg-
v.        ment that the writ abate, and the plaintiff excepted to the
Mills.    decision.

*Farr* and *Underwood* argued for the plaintiff, and con-
tended that, by the Revised Statutes, p. 173, §41, it was not
necessary that a magistrate, before whom a writ was made
returnable, should remain at the place of trial until the expi-
ration of the two hours, ready to proceed, as would seem to
be required by the former statute, Slade's Comp. p. 136, §5,
in pursuance of which the decision in *Phelps* v. *Birge* 11
Vt. R. 161, was made.   They also contended that the facts
stated, instead of proving the plea, proved that the magis-
trate was at the place of trial with the plaintiff's writ within
the two hours.   Such being the facts, the plea in abatement
should have been overruled and a judgment, in chief, enter-
ed for the plaintiff.

*S. Austin*, for defendant, insisted, that the justice took
no cognizance of the plaintiff's writ until after one o'clock in
the afternoon, and that he had then no power to call the
parties or act under the writ; and that the justice should
have been at the place of trial within two hours next after
the hour set for trial, with the writ and in a situation to call
the parties and proceed to trial if required so to do, and that
this was necessary to constitute an entry of the suit, within
the meaning of the statute; and cited *Phelps* v. *Birge*, 11
Vt. R. 161.

The opinion of the court was delivered by

REDFIELD, J.—In the present case, the court consider the
facts agreed and placed upon the record, not sufficient to es-
tablish the plea, as pleaded.   The facts agreed are, that the
justice was at the place set for trial, within two hours after
the time appointed in the writ; that he there inquired for
writs and was informed of this, which was then in the office,
and left, saying, if there was an appearance "inform me."
He did not return until the first two hours had expired, but
finding the defendant present, proceeded to hear the case,

when the present plea in abatement was interposed, which is, in substance, that the suit was not entered within the first two hours, as required by statute. We think there was a sufficient entry of the action. This process was instituted under the present existing statutes. It is required that the justice should, within two hours after the time set for trial, " *be present with the plaintiff's writ at the place appointed for trial.*" We do not intend to say there might not be a literal compliance with this statute, which would not be a substantial entry of the action. If the justice were only accidentally present, having no knowledge of the suit, and the writ present, but not known to him, possibly this might not amount to an entry of the action. But if the justice came to the place of trial, within the first two hours, for the purpose of attending to the action, and was there informed of the writ being returned, we do not think it necessary he should call the parties, or take the writ in his hands, or *literally* remain at the place until the cause was disposed of, (which might often prove inconvenient,) or that he should in fact have come to the place with the purpose of proceeding *instanter* to the hearing, or that he should make any special order, as to the suit, or the hearing. If he came to the place to discharge his duty, as a magistrate, in regard to the suit, either presently or in a convenient time, and had knowledge of the writ, which was at the place and in his power, and, by consequence, in his legal custody, it was sufficient. The action was sufficiently entered, and the court opened, and there was no necessity of any special order to keep it open, much less that the justice should remain in the room appropriated for the time being for a court room, in order to hold the court open. All this would be surely but " sticking in the bark." We think, therefore, that the plea in abatement was not proved. It was then the duty of the county court, having found the issue of fact on the plea in abatement against the defendant, to have rendered judgment against him in chief. The judgment of the county court is therefore reversed, and this court determine that the facts agreed and placed upon the record do not establish the defendant's plea in abatement, and therefore adjudge that he do account with the plaintiff. Auditors were appointed in this court, as is the settled practice in all actions of account,

ORANGE,
*March,*
1841.

or book account, when they have once come into this court, and only require to be sent to auditors. All cases, once brought into this court, upon exceptions, are finally disposed of here, unless a jury trial becomes necessary, or unless, by the decision of this court, the case is placed in such a state that either party has a right to a trial by jury. In that event, only, the cause is remanded.