### LEVI UNDERWOOD v. MOSES L. HART.

*Entry of action. Presumption of regularity. Alteration of Return. Charge to jury. Declarations by Attorney. Res gestæ.*

It is necessary for a justice of the peace, before whom a writ is made returnable, to be present at the place of return, within two hours from the time set in the writ for its return, with the writ in his possession, or at his control, ready to proceed with the trial ; but it is not necessary, that he should remain there the whole time, or that he should call the action within the two hours, or make any order for its delay ; he may leave the place and return again, at a proper time, to call the case and try it, or default it, if there is no appearance on the part of the defendant.

When a justice's record of a judgment is produced, the presumption is in favor of the regularity of the judgment ; it will be presumed, that all things were rightly done ; and a party, seeking to avoid the judgment by *audita querela*, must, by his evidence, overcome this presumption.

Evidence that the officer, by the procurement of the attorney for the plaintiff in the justice suit, more than two hours after the time named in the writ for its return, altered his return upon the writ, according to the fact, in the absence of the justice, and before a default had been entered upon the writ, has no tendency to prove, that the justice was not at the place of return within the two hours.

That the justice went to the place of return after the expiration of the two hours and entered a default upon the writ has but a slight tendency to prove, that he had not been there within the two hours, and is not sufficient to overcome the presumption in favor of the regularity of the proceedings.

It is not error for the county court to refuse to charge the jury in accordance with a request by the party, unless the request be sound law to its full extent. It is sufficient, that the charge is a substantial compliance with so much of the request as is well founded.

The attorney, with whom a demand is left for collection, has not such an interest in a suit brought by him upon it, as to make his admissions evidence, upon that ground, in favor of the debtor, who seeks, by *audita querela*, to avoid the judgment rendered against him in the suit.

Upon the trial of an *audita querela*, brought to set aside a justice's judgment for the alleged reason, that the justice was not present at the place of return of the writ within the two hours after the time set for its return, it is not competent,

for the complainant, after proving that he was present at the place of trial, within the two hours, and that the justice was not there after that, within the two hours, to prove that the attorney of the plaintiff in that suit, at whose office the writ was made returnable, then said to him, that the justice had not previously been there,—such representation not being alleged as a substantive ground of complaint.

Neither is it competent for the complainant to prove, in such case, declarations of the attorney, made after the expiration of the two hours, and while he was searching for the justice, and before the default was entered by the justice upon the writ, that he had not seen the justice that day.

Such declarations by the attorney are neither admissible as admissions for the purpose of a trial and for obviating· the necessity of proof, nor as characterizing any act of the attorney, and so constituting part of the res gestæ.

AUDITA QUERELA. The complainant alleged, that the defendant sued out a writ against him, in an action upon note, returnable before Lyman Cummings, a justice of the peace, at the office of Lyman & Chittenden, in Burlington, on the twenty first day of September, 1846, at nine o'clock in the forenoon, and caused the same to be served by attaching the complainant's property, and that the complainant attended at the place of trial on the return day of the writ, but the justice was not present at the place of return within two hours after the time set for the return, but afterwards, by the fraudulent procurement of the defendant, entered up a judgment by default against the complainant, without his knowledge, upon which execution had issued. Plea, the general issue, and trial by jury, March Term, 1849,—BENNETT, J., presiding.

On trial, the plaintiff gave in evidence certified copies of the justice's record of the judgment in question, and of the execution issued thereon. The plaintiff then offered the deposition of one Kellogg, who testified, in substance, that about ten o'clock in the forenoon of September, 21, 1846, at the request of the complainant, he went to the office of Lyman & Chittenden, to see whether the justice, Lyman Cummings, was there; that Mr. Lyman was there, but the justice was not there; that from that time until about fifteen minutes after eleven o'clock he kept watch, and the justice did not enter the office; that then the witness went with the complainant to the office, and the complainant inquired of Mr. Lyman, whether Cummings had been there,—and Lyman replied, that he had not;

XXIII.　　16

that Lyman then inquired of the complainant, what he was going to do with the suit in favor of Hart against him, and the complainant replied, that he did not know, as he should do any thing about it; and that Lyman then said, he must, or would, hunt up the justice. To so much of this deposition, as detailed the declarations of Lyman, the defendant objected, and it was excluded by the court. It was conceded, that Lyman was an attorney at law, and that the demand in favor of Hart against the complainant was left with him and his partner for collection. The complainant farther offered to prove, that, about half past eleven o'clock of the forenoon of the same day, Lyman, while he was searching for the justice, stated that he had not seen him that day. To this evidence the defendant objected, and it was excluded by the court. The plaintiff also gave evidence tending to prove, that the justice went to the office of Lyman & Chittenden about twelve o'clock, noon, of that day, and entered a judgment by default, in the absence and without the knowledge of the complainant. The plaintiff's evidence also tended to prove, that after eleven o'clock, and previous to the default being entered, Lyman procured the officer, who served the writ, to go to the office and alter his return,—which then showed but five days' notice to the complainant,—and that the officer did go with Lyman to the office, and, in the absence of the justice and of the complainant, did alter his return, according to the fact, so as to show six days' notice,— the writ then being upon the table in the office. There was no evidence tending to show, that the justice had been to the office of Lyman & Chittenden before eleven o'clock, except the copy of the justice's record, and none to show that he had not been there, except such as has been above stated.

The plaintiff requested the court to charge the jury,—1. That, unless the justice was present, at the place set in the writ for trial, between the hours of nine and eleven of that day, with the writ in his possession, ready to proceed with the trial, the judgment was irregularly entered;—2. That if the justice went to the office of Lyman & Chittenden after the lapse of two hours from the time set in the writ for trial, and entered judgment by default, the burden of proof would be upon the defendant, to show that the justice had, within the two hours, taken jurisdiction of the case; and that, unless the defendant established that fact by a fair balance of testimo-

ny, the plaintiff was entitled to a verdict;—3. That if the justice did go to the office of Lyman & Chittenden after nine o'clock, but went away without knowing what suits he had before him, or who the parties were, and made no order for the suits to lie open, and did not continue the suit, and did not return, until after the expiration of two hours from the time set in the writ for trial, he would have no jurisdiction.

But the court charged the jury, that it was necessary for the justice to be at the place, where the writ was returnable, within two hours from the time set in the writ for its return, with the writ in his possession, or at his control, ready to proceed with the trial; and that, if he was so present, within the two hours, to take jurisdiction, it was sufficient; and that it was not necessary for him to remain there the whole time, but he might leave the place, and return again, at a proper time, to call the case, and try it, or enter a default, if there was no appearance on the part of the defendant;—that, as the evidence tended to prove, that the default was entered at about twelve o'clock, at noon, the judgment would be regular and valid, if the justice was at Lyman & Chittenden's office within the two hours, with the writ at his control, ready to proceed,—but if not, then the judgment was irregular and should be set aside; and that it was not necessary, that the justice should in fact call the action within the two hours, or make any order for delay within that time;—and that the fact, that the sheriff amended his return, as to the date of the service, according to the truth, though done in the absence of the justice and of the complainant, and after eleven o'clock on the return day of the writ, would make no difference in this action. The court farther instructed the jury, that the presumption, from the justice's record, was in favor of the regularity of the judgment, and that it was presumed, that all things were rightly done, and that it was incumbent on the plaintiff, in order to succeed upon his *audita querela*, to overcome by his evidence this presumption, and that if he had so done, their verdict should be for the plaintiff,—but if, on the other hand, the plaintiff had not, by his evidence, overcome the *prima facie* effect of the record, their verdict should be for the defendant.

Verdict for defendant.	Exceptions by plaintiff.

*L. Underwood, pro se.*

The declarations and admissions of Lyman, who was the attorney and agent of the defendant, while he was conducting the prosecution of the claim against the plaintiff, should have been admitted as part of the *res gestæ.* It was his duty to procure the attendance of the justice, and enter the suit for trial within two hours from the time set in the writ. The declarations were therefore in relation to the duty of the attorney himself, and against his interest; for if the debt is lost by his laches, he is liable to his client for the amount. The declarations of agents, while acting within the scope of their authority, are evidence against their principals. *Biggs* v. *Lawrence,* 3 T. R. 454. *Bauerman* v. *Rademius,* 7 T. R. 665. 1 Esp. R. 375. *Standage* v. *Creighton,* 24 E. C. L. 383. *Wetherell* v. *Bird,* 32 E. C. L. 415. *Fenner* v. *Lewis,* 10 Johns. 44. *Thallimer* v. *Brinckerhoff,* 6 Cow. 98. *Helyear* v. *Hawke,* 5 Esp. R. 74. *Peto* v. *Hague,* Ib. 134. Story on Agency, § 134. *Elton* v. *Larkins,* 24 E. C. L. 372. 19 Pick. 220. 24 Ib. 198. *Burlington* v. *Calais,* 1 Vt. 385. *Curtis* v. *Ingham,* 2 Ib. 287. 11 Ib. 480. 2 Pet. 358. 2 Hall 482. 3 C. & P. 532. 3 M. & P. 557. 2 N. H. 520. 1 M. & W. 508. 17 E. C. L. 121. 21 Ib. 439. There is a distinction between the declarations of agents as to their performance of their own duty, and as to the acts of the principal. 12 Mass. 163. 1 Ld. Raym. 190. 1 Camp. 165. 10 Johns. 478. 9 S. & R. 390. 2 Stark. Ev. 23. 20 Vt. 349. The declarations of one of several plaintiffs upon the record, as to whether the justice properly rendered the judgment, would be evidence against all the plaintiffs, for the reason that he is the agent of the others;—this is analogous to the case at bar; the fact of the agency is admitted. 2 C. & P. 232. 12 Wheat. 460. 1 Greenl. Ev., § 112. 5 Binn. 195. 2 C. & P. 432. 4 Wend. 335. The attorney was authorized to find the justice, and while performing that duty, his declarations are explanatory of his acts and admissible. *Magill* v. *Kauffman,* 4 S. & R. 317. The admissions of a party in interest, though not a party of record, are admissible;—an attorney is a party in interest; the costs for the writ &c. belong to him, and he has a lien for his fees. 4 Johns. 140. 1 M. & M. 410. 3 C. & P. 623. 4 Wash. C. C. 92.

To exclude the declaration, made by the attorney to the plaintiff, while the attorney had the writ in his possession and the plaintiff

was present to attend to the suit, and after the expiration of the two hours, that the justice had not taken jurisdiction, would open the door for fraud and corruption. Story on Agency, § 127.

The fact, that the sheriff altered his return, after the expiration of the two hours, accompanied with the declaration of the attorney to the officer, that he had not seen the justice that day, was evidence, that the justice had not then taken jurisdiction of the case. If the writ had been entered in court, the attorney, or officer, would have no right to alter it without leave of court; but they might do that, before it was returned;—and the presumption is, that they acted legally.

The fact, that the justice went to the office out of time and entered judgment, is at least sufficient to do away any presumption, arising upon the record, in favor of its regularity.

The plaintiff was entitled to the charge, as requested in the third point in his request. It is not a compliance with the statute, for a justice to look into a lawyer's office, and, without knowing that he has a suit before him, and making no order for it to lie open, go away, and return at his convenience and enter a default.

*L. E. Chittenden* and *E. J. Phelps* for defendant.

1. The alteration of the return is not a matter in issue; it is not stated in the complaint, as a ground of relief.

2. The charge of the court was correct; and it would have been error, had they charged as requested. *Phelps v. Birge*, 11 Vt. 163. *Peach v. Mills*, 13 Vt. 501.

3. An order for the continuance of the suit was unnecessary. *Peach v. Mills*, 13 Vt. 501.

4. As to the declarations of Lyman;—at common law the attorney is not the general agent of his client. *Holker* v. *Parker*, 7 Cranch 436, [ 2 U. S. Cond. R. 560.] 18 Mass. 319. 10 Johns. 229. 8 Johns. 281. *Penniman* v. *Patchin*, 5 Vt. 346. And an attorney, with whom a demand is left for collection, is but a special agent, for the particular purpose of prosecuting the demand to judgment, and has no power to admit any thing, to the prejudice of his client, unless in open court, for the purpose of the trial. None of the reported cases in Vermont conflict with this. 5 Vt. 346. 10 Vt. 68. 14 Vt. 474. 15 Vt. 414. 10 Vt. 471. 15 Vt. 314. 20 Vt. 371.

Underwood v. Hart.

But if the attorney be agent in the most general sense, his declarations, of the character of those under consideration, are inadmissible. 1. Because they are mere acknowledgments. *Wood* v. *Clark*, 24 Pick. 35. *Haynes* v. *Rutter*, Ib. 242. 2. Because it is a mere matter of conversation with the attorney. *Parkins* v. *Hawkshaw*, 3 E. C. L. 332. *Young* v. *Wright*, 1 Camp. 141. 3. Because the admission of the attorney is not evidence, unless made in open court, and for the purposes of the trial. *Wetherell* v. *Bird*, 32 E. C. L. 415. *Colledge* v. *Horn*, 11 Ib. 59. In order to make the admission of the agent testimony, the fact, that the admission itself is the ultimate fact to be proved, must appear. 1 Greenl. Ev. § 113, 114. Story on Ag. § 135–137. The leading case on this subject is *Fairlee* v. *Hastings*, 10 Ves. 123; and its authority has never been questioned. 1 Phil. Ev. 99. *Bauerman* v. *Radenius*, 7 T. R. 665. 1 Cow. & H. Notes to Phil. Ev. 180, 181. Subsequent declarations of an agent, as to what happened, are never admissible. 6 Cow. 90. 4 Wend. 394. The declarations must be within the scope of the agency; to bind the principal, the agent must have authority to make the statement. *Betham* v. *Benson*, 5 E. C. L. 454. 17 Ib. 133. *Garth* v. *Howard*, 28 E. C. L. 273.

These declarations form no part of the *res gestæ*. The judgment is the *res gestæ*, and that is the act of the court. The gravamen charged is, that it was made up, after the jurisdiction had elapsed. The argument is, that one of the attorneys had not seen the justice, and therefore the judgment is invalid.

The opinion of the court was delivered by

REDFIELD, J. 1. We think the charge of the court to the jury, as to what constituted an entry of an action in a justice court, was substantially in accordance with the decisions of *Phelps* v. *Birge*, 11 Vt. 161, and *Peach* v. *Mills*, 13 Vt. 501, and was so expressed, as not to mislead the jury.

2. The charge in regard to the presumption in favor of the regularity of the proceedings, and that some proof was necessary to overcome this, was correct; and we do not perceive, that there was any such proof in the case, as to change the burden of proof.

3. The alteration of the sheriff's return, after the expiration of two hours from the time at which the writ was returnable, and in

the absence of the justice, is not made a ground of complaint by the plaintiff; and in our judgment it had no tendency to prove the main fact, that the justice had not been there before that time.

4. We do not perceive, that there was error in the refusal to charge as requested. As to the first request, the charge was a substantial compliance. The justice's going to the office and entering the default after the two hours is very slight ground, indeed, for presuming against his having been there before, and not sufficient to change the balance of proof. As to the third request,—it is certain, that the plaintiff was not entitled to a charge to the full extent of that request, and therefore the mere refusal so to charge is not error. Some portion of the request is in express contravention of the decision in *Peach* v. *Mills,*—that is, that an order to have the case lie open was necessary; and so far as any law is embraced within its scope, the charge is a substantial compliance.

5. We do not think Mr. Lyman had any such interest in the suit, as to make his admissions evidence upon that ground alone. To effect that, he should be the real party, like a *cestui que trust*, or an under sheriff.

6. We do not think Mr. Lyman's declarations to Underwood, that the justice had not been there, are to be received as evidence on the ground that he might have acted on them and been thereby misled. This is not alleged, as the ground of setting aside the judgment; it is therefore immaterial to prove it,—as the party can derive no benefit by proving more than his *case on paper*. If that had been alleged, as a ground of complaint, the proof might very properly have been admissible, and without regard to its truth, or falsity, it tending to show a fraud in obtaining the judgment, which would become the fraud of the party by adoption, if he claimed to enforce the judgment.

7. We cannot see how the other declarations of Lyman, as to whether the justice had been at the office that morning, or he had seen him that morning, were properly admissible, upon principle. They may come within the analogy of some of the cases,—very near, perhaps, to that of *Burlington* v. *Calais*, 1 Vt. 385 ; but in principle it seems to us they are not admissible.

They were not an admission by an attorney, for the purpose of the trial, and to obviate the necessity of proof. This is a matter

coming within the authority of an attorney, and in these matters his admission will bind the principal, or party.   Many of the cases referred to in the argument are of this character, and are clearly inapplicable to this case.

It does not seem to us, that they can be regarded as made to give character to any act of Lyman, or that they can be regarded as in any sense a part of the *res gestæ*,—certainly not in such a sense, as to make them admissible upon this issue.   They were mere declarations as to past events, affecting, to be sure, the interests of the client, but not qualifying any act of Lyman, either past, present, or future.

The usual test applied in such cases will show clearly, that they are not admissible.   Is the *ultimate* inquiry, whether the attorney made the admissions ? does this *end* the matter ? or are they but *media* of proof of some other ultimate truth ? and does their force depend mainly upon the *veracity* and *means of knowledge* of Mr. Lyman?   If so, they are not evidence.   And that this is the case is very obvious.   It is not pretended, that, if ten witnesses should swear, that Mr. Lyman said, or it could be shown, that Mr. Lyman stated in writing, that no justice had been there that day, upon this issue, it might not still be shown, that the fact was otherwise, and this, too, by Lyman himself.

But this could not be done in the case of an admission made by the attorney, as a matter of proof to be used in a trial.   If the admission were made, no matter how false, the party is bound by it. So, too, of any declaration, which the other party had relied upon. But these declarations could not be given in evidence to show the fact in any future trial, when the written admission had become *functus officio.*

This whole subject is somewhat illustrated by the case of a servant sent out to sell a horse.   He may affirm, that the horse is unsound, and has been so for a long time, and his master bought him for an unsound horse ; and if his master be sued for fraud, this may be shown, to defeat the action.   But if his master be sued *by the vendee,* on a false warranty, none of these declarations of the servant can be shown against the master, to establish the *fact* of the horse having been bought as unsound, nor, if he sell the same horse the same day to another, without making these disclosures, can these

facts be shown by the declarations of the servant, in regard to another sale.

The agent not only cannot make admissions to bind his principal, after the transaction is closed, but the same is true of its several stages. The moment any portion of the agency is closed, it is beyond the power of the agent to affect its validity by mere admissions. If a servant sell, on account of his principal, it is not competent for him, while he is collecting the note given for the price, to implicate his principal in a fraud, by admitting that he, or his master, obtained the note by fraud. There is no end to the cases or illustrations of this principle; the very case in hand is as good as any other.

As to the cases cited:—*Bauerman* v. *Radenius*, 7 T. R. 659, merely establishes the point, that the admissions of the party of record are evidence, notwithstanding he is a mere trustee. *Wetherell* v. *Bird*, 32 E. C. L. 415, is the admission of the attorney, for the purpose of the trial, made at a former term, and held binding. *Standage* v. *Creighton*, 24 E. C. L. 383, merely puts the client on the basis of the attorney, and then admits his *offers* for a *settlement*, and very properly refuses to act upon them. It is a *nisi prius* decision, of about as much weight as the one in this case,—not more, certainly. *Elton* v. *Larkins*, 24 E. C. L. 273, merely shows, that admissions at a former trial may be used, until the case is ended. *Bayley* v. *Bryant*, 24 Pick. 198, is merely giving in evidence the sayings of the real party in interest, though not the party of record. The case of the *Am. Fur Co.* v. *United States*, 2 Pet. 358, only decides the general point, or question, that the acts of the agent, within the scope of his authority, and his declarations in relation to the acts he is then doing, are competent evidence against his principal. This was virtually the case of a conspiracy to violate the custom laws of the United States. *Alton* v. *Gilmanton*, 2 N. H. 520, is the case of an admission for the purpose of the suit, like the English cases. *Holt* v. *Squire*, 21 E. C. L. 439, is a *nisi prius* case of two lines, where the attorney, in giving notice to produce papers on the trial of an action against his client, as acceptor, describes the bill, as " *accepted by defendant*," and the court held, that this was *prima facie* evidence of the acceptance. I should, for one, doubt the soundness of the case. It seems to me giving in evidence the mere loose conversations of the attorney; whereas nothing but solemn ad-

XXIII.          17

missions of the attorney, made for the purpose of the trial, are competent.    *Curtis* v. *Ingham*, 2 Vt. 287, is put expressly upon the ground, that the declarations of the wife were a part of the transaction.    *Truslove* v. *Burton*, 17 E. C. L. 121, is an admission for the trial.    The case of *Burlington* v. *Calais*, 1 Vt. 385, is put upon the ground, that it was a part of the business of the agent to agree upon the evidence to be produced, and that this was an admission made for the purpose of the trial.    It seems to me, the case is rather an overstrained one,—as much so as would be the present, to admit the testimony objected to.                              Judgment affirmed.