ALEXANDER P. J. HALL *v.* OEL SAFFORD.

*Justice of the Peace, &c.*

A case being properly in court, it is competent for the justice to order the case to
stand open for trial, for a reasonable time.

It is not necessary for a justice to remain at the particular place set for trial, dur-
ing the whole time allowed for the defendant to appear.

It is the duty of the justice to see that the defendant has his day in court, and an
opportunity to make.his defense; and where the justice ordered the case to
stand open for trial, with the understanding, that if the defendant appeared by
three o'clock, or in a reasonable time, (one o'clock being the time set in the
writ) the right of appearing and defending the suit should be secured to him;
and the justice returned about the hour of four, and within the time in which
he had the power, by statute, to vacate any record of default, &c., and then no-
tified the counsel of the defendant that the case was open for trial, if they de-
sired to make any defense, and requested him to appear and answer for that
purpose, it was held, that this was a full compliance with the duty of the jus-
tice, after the case was ordered to stand open.

AUDITA QUERELA. Plea, general issue, and trial by the court.
The plaintiff alledged in his complaint, among other things, that
the defendant, on the 11th day of July, A. D. 1850, prayed out a
writ of attachment against the complainant, bearing date that day,
and signed by Joseph King, Justice of the peace, and made re-
turnable before said justice, at the dwelling-house of said justice, in
Fletcher, on the 6th day of August, A. D. 1850, at one o'clock in
the afternoon. That on said 6th day of August, 1850, and long
before the expiration of two hours from the time set in said writ,
for trial, the defendant procured said justice to render judgment,
by default in said action, against the complainant, for the sum of
sixty-six dollars and ninety-three cents ($66,93) damages, and one
dollar and sixty-five cents ($1,65) costs of suit. And the com-
plainant further alledged, that he had a good and just defense to
said suit, and that he wished to appear and be heard in the same,
before said justice; and that the complainant *did* appear, with his
counsel and witnesses, at the time and place set in said writ, for
trial, to defend said suit, and remained there till after three o'clock
in the afternoon of said day. And that the defendant *did* procure,
and cause the said justice to leave, and absent himself from the place

of trial, till after three o'clock in the afternoon of said day, by which the complainant says he was deprived of seeing the said justice, to make any defense to said action.

On trial, the complainant proved, that the suit aforesaid was called, at the time and place set in the writ for trial, that the said Safford, by his attorney and authorized agent, Emerson O. Safford, appeared and answered to said suit, and that said justice King, at two o'clock in the afternoon of said day, (the complainant then not having appeared,) wrote on said writ, that said Hall (the complainant) was defaulted, and about half past two o'clock of said day, said justice King, left the place set in said writ for trial of the said cause, and went to Binghamville, so called, a distance of about three fourths of a mile, to hear and determine another suit before him, and did not return till about four o'clock in the afternoon of said day.

The complainant further proved, that he appeared at the place set in said writ for trial, between two and three o'clock, P. M., on said day, and inquired of the wife of the said justice King, whether Mr. King was at home, and that the complainant was informed that said King had gone to attend to a suit at Binghamville. That about three o'clock, P. M., on said day, complainant, with his counsel, appeared at the dwelling-house of said justice, and made some inquiry of the wife of said justice, respecting said suit, and stated that they wished to answer to the same.

The defendant then offered evidence tending to prove, that the damages and costs were not entered on the said writ; but it was agreed and understood, between said justice and the defendant Safford's attorney, that the suit should stand open for trial, and if the complainant should appear before three o'clock, on said day, or within a reasonable time after three o'clock, and want a trial in said suit, he should have an opportunity to answer, and make defense to the same.

Also, that the complainant, a few minutes before three o'clock on said day, and after he had appeared at the place set in said writ for trial, called at defendant's store, a few rods from the dwelling-house of said justice, and inquired of the said Safford's attorney in said justice suit, what had been done with said suit. That complainant was informed, by said attorney, that said justice had entered " defaulted" upon the writ, to which the complainant replied,

"all right." The said Safford's attorney then informed the complainant, that said suit was still open for trial; and that he, complainant, could have a trial in the cause, if he wanted, and that the attorney would send for the justice, if he wished to make defense to said suit, or to answer to the same, to which the complainant made no reply.

The defendant further proved, that said justice King returned about four o'clock in the afternoon, on said day, and that said justice, and the defendant's attorney, saw the complainant's attorney at defendant's store, and notified him that said suit was then open for trial, and requested the complainant's attorney to go to the dwelling-house of said justice, and that the complainant should have an opportunity to answer, and make defense to said suit; but the said attorney refused to appear, and have a hearing in said suit, and remarked, that he did not know what his client, the complainant, wanted; that the complainant had paid him for attending as counsel in the case, and that he did not choose to act further in the suit.

The County Court, September term, 1850, upon the foregoing evidence, rendered judgment for the defendant. Exceptions by complainant.

———— for complainant.

The complainant insists, that having made his appearance, at the place set for trial, within the time allowed by law for his appearance, and remained there until the expiration of the time, for the purpose of making defense,—no judgment or default could be regularly entered against him.    *Steel* v. *Bates*, 2 Vt. 320 ; *Pike* v. *Hill*, 15 Vt. 183 ; *Brown* v. *Stacy*, 9 Vt. 118 ; *Phelps* v. *Birge*, 11 Vt. 161 ; *Paddleford* v. *Bancroft et al.*, 22 Vt. 529.

That the justice, having absented himself from the place of trial before the expiration of the time allowed the parties to appear, and remained absent until after the time expired, could not regularly hold the case open for trial indefinitely in regard to time, and afterwards enter a judgment by default, without notice to the complainant when he might appear for trial.

That the notice by the agent, at the store, that the case stood open for trial indefinitely, was of no avail, without further notice of the time when he might appear with his witnesses and have a trial.

He was not bound to wait indefinitely, in the absence of the justice, but might well rely upon being notified, when the justice should be ready to try the case.

The notice to the attorney, who had been counsel for the complainant, after his fees had been paid, and the complainant had gone away without giving him further instructions or authority in reference to the suit, was no notice to the complainant. The attorney, at that time, did not stand in such a relation to the complainant, as to render him liable to the complainant, for neglecting to appear in the suit.

*H. M. Safford* and *Law & Beardsley* for defendant.

*Audita Querela* is a remedial process, and bears solely upon the wrongful acts of the opposite party. *Little* v. *Cook*, 1 Aik. 363; *Eddy* v. *Cochran*, 1 Aik. 359.

Nor can *Audita Querela* lie, to set aside a former judgment, where defense could have been made in the original suit, unless such defense was prevented by the fraud of the opposite party. *Barrett* v. *Vaughn*, 6 Vt. 243; *Staniford* v. *Barry*, 1 Aik. 321.

The justice who signed the writ was present at the time and place set in the writ for trial, with the writ, and though he entered the word "defaulted" upon the file, he did not consider or treat it as a judgment, but gave the plaintiff's attorney, then present, to understand the case was still open, and would remain so, until a reasonable time after three o'clock, P. M., for the defendant to appear; and of all said proceedings, the defendant, in the justice suit, and his counsel, were fully informed by the agent or attorney for the plaintiff, and also by the court.

We further insist, that the proceedings of the justice were in effect, as though he had not written the word "defaulted" upon the writ, or had, while he yet had jurisdiction of the same, erased and stricken off the entry.

Nor can it be contended, but the order of the Justice Court, for the suit to remain open a reasonable time after three o'clock, for the defendant to appear, was made within the two hours after the time set in the writ, for trial; during which time, the justice being present with the writ, it was proper he should dispose of the suit in any appropriate manner, and convenient time. *Peach* v. *Mills*, 13 Vt. 501.

. If the complainant suffered, either by his own neglect or by the act solely of the justice, he cannot be relieved by *Audita Querela.* *Bartlett* v. *Vaughn,* 5 Vt. 243 ; *Sutton et al.* v. *Tyrrell,* 10 Vt. 87, and cases there cited.　16 Vt. 173 in *Titlemore* v. *Wainwright.*

Neither will *Audita Querela* lie, when the complaint is a proper matter for a writ of error.　*Weeks* v. *Lawrence,* 1 Vt. 433 ; *Sutton et al.* v. *Tyrrell,* 10 Vt. 87 ; *Little* v. *Cook,* 1 Aik. 363 ; *Dodye* v. *Hubbel,* 1 Vt. 491.

The opinion of the court was delivered by

ISHAM, J.　The suit in favor of *Safford* v. *Hall,* was entered in court at the time set in the writ.　The justice was at the place, with the process in his possession, and under his control.　The plaintiff appeared by his counsel, and nothing prevented the trial of the case, except the absence of Hall.　There was, therefore, no discontinuance of the suit for that cause.　If there is any ground of complaint, it is for matters arising subsequent to this.　The justice could make no record of a default, under two hours from the time the writ was returnable.　The entry upon the writ, of a default at the hour of two, was not a matter in any way affecting the rights of the parties.　It was not so intended or regarded.　It was designed merely as a minute of the justice, to have effect, or not, as should be subsequently determined by the appearance of the defendant Hall, in the case.　It could have no legal effect, until after the expiration of the first two hours; and for two hours after that, the justice, in his discretion could vacate any such record, and grant a rehearing, on application of either party.　Comp. Stat. 235, § 44, 45.

The case being properly in court, it was competent for the justice to order the case to stand open for trial, for a reasonable time, until his return from the short distance which he was under the necessity of going, to attend another suit pending before him.　It was not necessary for him to remain at that particular place, during the whole time allowed for the defendant to appear.　It was so decided in the case of *Peach* v. *Mills,* 13 Vt. 501—but it was his duty to see that the defendant in that suit, had his day in court, and an opportunity to make his defense, for if he has been deprived of that right by any artifice or fraud, the judgment will be vacated by this writ.　For this reason, the case was ordered to stand open, with

the understanding, that if the defendant appeared by three o'clock, or in a reasonable time after, the right of appearing and defending the suit should be secured and granted to him; and of this, the complainant was informed by the counsel for Safford, a short time before three o'clock, and about the time he appeared to answer to the suit, to which no objections were made at the time. The justice, we learn, returned about the hour of four, and within the time in which he had the power, by statute, to vacate any record of default or nonsuit, properly entered, and to grant a hearing to the parties; and, immediately thereafter, the justice notified the counsel for the complainant, that the case was open for trial, if they desired to make a defense, and requested him to appear and answer for that purpose. This was a full compliance with his duty, after the case was ordered to stand open, and effectually disposes of all ground of complaint that the judgment was obtained by any artifice or fraud. After this notice was given, and request made, they neglected to appear and make their defense, and suffered the judgment to pass by default. It is difficult to conceive of a case, where the complainant has less reason to complain of the want of an opportunity to be heard in his defense, or of being deprived of his day in court, by artifice or fraud; and surely, where an opportunity to be heard was granted to him, and his defense has been lost by his own wilfulness, or neglect, no relief from that judgment can be obtained by this process.

The suggestion, that the notice and request to appear and answer to the suit, after the return of the justice, was given to the attorney of Hall, and that his relation as such had ceased, can have no effect in this case; for if his relation as attorney to Hall had ceased in good faith, that relation existed when he first appeared to make his defense, and when he was informed that the justice had ordered the case to stand open for trial until his return, and to which, no objections were made. Of this, the complainant is chargeable with knowledge. It was the duty of the defendant Hall, therefore, within a reasonable time thereafter, to appear and make his defense—and obviously, the absence of one hour by the justice, and his return within the time, in which he can exercise his discretion in setting aside any default or nonsuit, cannot be considered unreasonable.

The judgment of the County Court is affirmed.