(48 Misc. Rep. 597.)

DAVID BELASCO CO. v. KLAW et al.

BROOKS v. BELASCO.

(Supreme Court, Special Term, New York County. December, 1905.)

1. EVIDENCE—PAROL EVIDENCE—WRITTEN CONTRACT.
    In an action to dissolve a partnership organized for the purpose of managing a theatrical company and exploiting a certain actor in plays that might be written for him and for an accounting, parol evidence is inadmissible to show that certain parties defendant not named in the written contract of partnership were the principals of one of the partners.
    [Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, § 1761.]

2. PARTNERSHIP—CONTRACT—ACCOUNTING.

 Where a partnership was formed for the purpose of organizing a theatrical company and employing a particular actor, and a contract theretofore entered into between one of the partners and the actor was assigned to such theatrical company, which had assumed the liabilities and was entitled to the profits resulting from the transaction, one of the partners could not retain royalties, on the ground that he assisted in the writing of one of the plays used by the company though the royalties to authors of plays, were under the partnership agreement chargeable as an item of general expense.

Action by the David Belasco Company against Marc Klaw and others, and action by Joseph Brooks against David Belasco. Actions tried together. Judgment for defendants in the first action, and for plaintiff in the second action.

Black, Olcott, Gruber & Bonynge, for plaintiffs.

Vidaver & Johnson (Samuel Untermyer, of counsel), for defendants.

FITZGERALD, J. These two cases were, by arrangement between counsel, tried together, upon the theory that the court would, by pursuing such a course, become informed fully of the facts involved in the entire controversy between the parties, and might be enabled more satisfactorily and within a briefer time to dispose of the issues, than the same results could be accomplished by separate trials. Both actions are founded upon articles of copartnership, and the relief prayed for in each is a dissolution and an accounting. Those written articles are subscribed by Joseph Brooks and David Belasco, and contain, among other things, the following recitals:

 "Whereas, the parties hereto have agreed to become copartners exclusively and only for the special purpose, to wit, of organizing a theatrical company to manage the said Warfield and exploit him in plays that may be written for him. * * * Fourth. The company to be organized is to be advertised under the management of the party of the first part, and the bookings of the same shall be attended to by the second party."

In brief, Belasco was to advertise and manage the company to exploit Warfield in plays written for him and the bookings for the performances were to be attended to by Brooks. In action No. 1, Belasco, as plaintiff, seeks to hold defendants Klaw & Erlanger (third parties not mentioned in the written contract) as Brooks' principals. So that we are confronted at the outset with the proposition, can parol evidence be considered to vary or contradict the written agreement? It is unquestionably the law that an agreement in writing, made by an agent in his own name, on behalf of an undisclosed principal, may, upon discovery, be enforced against the latter; and that parol evidence is competent to establish who the principal is. Briggs v. Partridge, 64 N. Y. 357, 21 Am. Rep. 617. The principal under such circumstances is held upon the maxim "respondeat superior." This is, however, at the election of the other contracting party; for, otherwise, the agent may be held liable upon the writing. Higgins v. Senior, 8 M. & W. 834; Byington v. Simpson, 134 Mass. 169, 45 Am. Rep. 314; Chandler v. Coe, 54 N. H. 561; Gates v. Brower, 9 N. Y. 205, 59 Am. Dec. 530. The reasons for this exception to the general rule of evidence rest upon grounds of public policy, for the encouragement of fair

and open dealing; and, subject to this (and some other exceptions not pertinent to this inquiry), parol evidence is incompetent to vary a written contract. Plaintiff (Belasco) does not sue in assumpsit, but makes the articles of copartnership part of the complaint. The rule allowing parol proof of an undisclosed principal is limited to simple contracts; for, if the agreement be a sealed one, only the parties thereto subscribing can be held bound. "Where an instrument is under seal, no person can sue or be sued to enforce the covenants therein contained, except those who are named as parties to the instrument, and who signed and sealed the same." Henricus v. Englert, 137 N. Y. 488, 33 N. E. 550; Spencer v. Huntington, 100 App. Div. 463, 91 N. Y. Supp. 561, affirmed 183 N. Y. 506, 76 N. E. 1109. A sealed instrument is conclusive as to parties, but a written instrument not under seal, may be varied in this respect, by parol, upon certain eventualities, to the extent of showing that the signatories were not the real parties. Where a person is in fact acting as the agent of another and for his benefit, but does not disclose that fact, or if he does disclose it, does not disclose the name or identity of his principal, parol evidence is competent to supply the requisite proof. Where there is no concealment, and neither mistake nor fraud is claimed, the written agreement must itself be examined to determine liabilities thereunder; and the tests to be applied to it are fully and clearly set forth by a standard authority of the highest character on the law of evidence. "Where parties have deliberately put their engagements into writing, in such terms as import a legal obligation, without any uncertainty as to the object or extent of such engagements, it is conclusively presumed that the whole engagement of the parties, the extent and manner of their undertaking, was reduced to writing, and all oral testimony of the previous colloquium between the parties, or of conversations, or declarations at the time when it was completed, or afterwards, as it would tend in many instances to substitute a new and different contract for the one which was really agreed upon to the prejudice possibly of one of the parties, is rejected." Greenl. Ev. (Redf. Ed.) § 275. This rule has been cited with approval. Seitz v. Brewers' Refrigerating Co., 141 U. S. 510, 12 Sup. Ct. 46, 35 L. Ed. 837, and in Thomas v. Scutt, 127 N. Y. 133, 27 N. E. 961, it is declared by the highest court in this state in the following terms:

"(1) The writing must not appear upon inspection to be a complete contract, embracing all the particulars necessary to make a perfect agreement and designed to express the whole arrangement between the parties, for in such a case it is conclusively presumed to embrace the entire contract. (2) The parol evidence must be consistent with and not contradictory of the written instrument."

An examination of the cases relied upon to support the theory of the admissibility of parol evidence to the issue at bar, satisfies me that they are all clearly distinguishable. In Coleman v. First Nat. Bank of Elmira, 53 N. Y. 388, a depositor dealing at a bank was handed a certificate of deposit by one of its officials, which paper the president of the bank, with whom the depositor was personally unacquainted, had signed in his individual instead of his official capacity; and this paper

was so received by the depositor without reading it, in reliance upon the belief that he was receiving the obligation of the bank. Parol evidence was there held competent for the reason that, under the circumstances, the doctrine of constructive notice of the contents of the writing from the fact of possession did not apply. Gates v. Brower, supra, held only that a note given by a wife in a purchase was not conclusive that she was not the agent of her husband in the transaction. In Nicoll v. Burke, 78 N. Y. 580, the agreement was signed "Agents as Landlords," so that the fact of agency was established by the terms of the instrument itself. In Calder v. Dobell, L. R. (6 C. P.) 486, the writings allowed to be varied were bought and sold notes, which may be classified with receipts and such memoranda as are not intended to express fully all the terms of the agreement. Thomas v. Scutt, supra. From an examination and upon consideration of the many other cases cited, I am led to the conclusion that the weight of authority is against the proposition for which plaintiff (Belasco) contends.

In the second action (Brooks v. Belasco), it follows from my previous reasoning that it must be held that there was a copartnership; and, upon reading the written agreement, we find its object set forth: "To organize a theatrical company to manage Warfield and to exploit him in plays that may be written for him." A contract theretofore entered into between Belasco and Warfield (an actor) was assigned by the former to the new firm, and that copartnership assumed all the liabilities, and became entitled to all the profits, which might result from the common venture of organizing a theatrical company to manage and exploit the artist. "The profits and losses to be equally divided." In other words, each of the parties was entitled to receive 50 per cent. of the net profits. Royalties payable to authors of plays were properly chargeable as an item of general expenses. Part of those royalties so charged, it is admitted, were retained by Belasco, individually; and he seeks to justify this retention by claiming that he was a collaborator in the literary work of the play entitled "The Auctioneer." The evidence upon this point is far from satisfactory; and it would be difficult to hold that he acquired, by a secret agreement with others, an independent property right never openly asserted. While a person, as an individual, may, of course, deal with the partnership, still, for the reason of the conflicting interests of the partner so dealing, good faith requires that it should be with knowledge and approval of his copartnership. "The relation between the partners is fiduciary, and the strictest good faith is required in their dealings with each other or with the partnership interests." Spears v. Willis, 151 N. Y. 452, 45 N. E. 852. "It is a violation of good faith for any partner, in conducting the partnership business, to stipulate clandestinely with a third person for any private and selfish advantage and benefit to himself, exclusive of the partnership; for all partnership property and partnership contracts should be managed for the equal benefit of all partners, according to their respective interests and shares therein. If, therefore, any one partner should so stipulate, clandestinely, for any private advantage or benefit to himself, to the

disadvantage of his partners, he will, in equity, be compelled to divide such gains with them." Story, Part. § 174.

For the reasons stated, judgment must be given for the defendants in action No. 1 and for the plaintiff in action No. 2. Settle decisions and judgments upon five days' notice.

Judgment accordingly.