SELWYN & CO. v. WALLER et al.

(Supreme Court, Special Term, New York County. April, 1913.)

1. JOINT ADVENTURES (§ 4*)—MUTUAL RIGHTS AND LIABILITIES—SECRET PROFITS.

Two parties who enter into a business venture are bound to exercise the utmost good faith toward each other.

[Ed. Note.—For other Cases, see Joint Adventures, Cent. Dig. §§ 3–6; Dec. Dig. § 4.*]

2. JOINT ADVENTURES (§ 4*) — MUTUAL RIGHTS AND LIABILITIES — SECRET PROFITS.

If one party obtains a secret profit from any source touching the joint business, such profit belongs to the business.

[Ed. Note.—For other cases, see Joint Adventures, Cent. Dig. §§ 3–6; Dec. Dig. § 4.*]

3. JOINT ADVENTURES (§ 7*)—RIGHTS AND LIABILITIES TO THIRD PERSONS.

Two producers agreed to bring out a certain play on a profit-sharing basis but not as partners and to pay the author certain royalties. Prior to the agreement one of the producers had acquired an interest in the royalties by assignment and the other had no knowledge of that fact. After the agreement was made, the producer assigned to another a portion of his interest in the royalties and the assignee sued the two producers therefor. *Held*, that the producers who had no interest in the royalties could not defend the action on the ground that the interest of the other should belong to both, since it was acquired prior to the forma-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tion of the agreement; his only remedy being to require the other to account for the profits.

[Ed. Note.—For other cases, see Joint Adventures, Cent. Dig. § 8; Dec. Dig. § 7.*]

Action by Selwyn & Co. against one Waller and one Shubert. On demurrer of the plaintiff to the answer of the defendant Shubert. Demurrer sustained.

Ernst, Lowenstein & Cane, of New York City (Melville H. Cane, of New York City, of counsel), for plaintiff.

William Klein and Benjamin N. Cardozo, both of New York City (Walter H. Pollak, of New York City, of counsel), for defendants.

LEHMAN, J. The complaint herein alleges that the authors of the play known as "A Butterfly on the Wheel" assigned to one Frohman the producing rights of the play, and that by that assignment Frohman agreed to pay certain royalties to the authors; thereafter the authors assigned to the defendant Waller a 25 per cent. interest in the royalties; subsequently Frohman assigned his rights in the contract to Waller, and Waller assumed Frohman's obligation to pay royalties; on December 29, 1911, Waller and the defendant Shubert entered into an agreement to produce the play on a profit-sharing basis, but not as partners, and for the purpose of the venture Waller assigned to Shubert the rights which he had received from Frohman, and both Waller and Shubert assumed Frohman's original obligation to pay royalties; thereafter the plaintiff bought 22½ per cent. of Waller's 25 per cent. interest by due assignment in writing from Waller for $4,000. The answer of the defendant Shubert sets up two separate defenses, alleging in effect that at the time when the defendant assumed the obligation to pay the royalties under the Frohman contract he believed that the authors were the sole owners of the royalties and that Waller fraudulently suppressed the fact of his assignment of the one-fourth of the royalties, and that therefore Waller was not the true owner of this one-fourth interest, but holds it for the benefit of the partnership. The plaintiff demurs to this defense.

[1] The principle is well established that where two parties enter into a business association they are bound to exercise the utmost good faith towards each other, and neither party may obtain a secret profit from any source touching the business of the association.

[2] If he secretly obtains such profit, the other party has a right to claim that the profit belongs to the business.

[3] Most of the cases, however, where this rule was applied are cases where the party obtaining a secret profit obtained it while the partnership was in existence. In all those cases his position is analogous to that of a trustee or agent obtaining a profit by virtue of his position of trust, and in effect I think the courts have merely applied the rule that a trustee cannot divest himself of his trust, but that all his dealings touching the trust estate must, as a matter of law, be held to have been performed for the benefit of the estate, and, if the trustee or agent has wrongfully obtained a personal advantage, the cestui que trust or principal has a right to claim that advantage. In this

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

case, however, Waller had a perfect right to obtain for himself a quarter interest in the royalties due to the authors, for at the time he occupied no position of trust to any other person. If he committed a wrong, it was only in the concealment of that right when he entered into the joint venture with Shubert. If that concealment was fraudulent and material, it would justify a rescission of the contract by Shubert, but it does not necessarily follow that the rights which he concealed became an asset of the joint venture. The defendant, however, claims that the case of Brooks v. Belasco, reported under the title of Belasco v. Klaw, 48 Misc. Rep. 597, 97 N. Y. Supp. 712, is on all fours with this case, and that in that case it was held that royalties previously acquired by one partner became an asset of the copartnership. A careful examination of the opinion in that case has convinced me that it is no real authority for the defendant's contention. It is true that in that case the defendant sought to justify the retention of royalties by claiming that "he was a collaborator in the literary work of the play entitled 'The Auctioneer.'" The court, however, expressly states that "the evidence upon this point is far from satisfactory," and it is unfair to assume that the opinion of the court or its decision is based upon a finding established by evidence "far from satisfactory." The only other case cited by the defendant where a similar question was before the courts of this state is the case of Getty v. Devlin, 54 N. Y. 403. In that case the parties had formed a joint venture for the purchase of real estate at a certain price. As a matter of fact, some of the parties already owned the property and had bought it at a price far below the price at which they represented that it could be secured. The effect of their fraudulent concealment of this fact was to create a joint venture for their sole profit and not for the profit of other adventurers. The court there held that, since they entered into a joint venture for the purchase of land, they were bound to account for any profits made in such purchase, whether the purchase was made before or after the contract for the joint venture was made.

In my opinion this case and the cases cited in other jurisdictions establish that, where one party makes a secret profit out of the partnership or joint venture through rights obtained before or after the formation of the partnership or the joint venture, he must account for the profits made at the expense of the partnership or joint venture. So in this case Shubert may have a right to call Waller to account for any profits made by him through fraudulent concealment of the fact that he owned a quarter interest in the royalties to be paid to the authors if he thereby assumed a position adverse to the joint venture. In my opinion, however, such a right, if it exists, does not give the defendant Shubert the further right to refuse to pay the full obligation he assumed to the authors or their assignee, even though the assignee claims by mesne assignment from Waller. Waller at the time of the making of the contract with Shubert was the equitable owner of a share in the royalties and could in equity assign to other persons a portion of this share. It was quite immaterial to Shubert, who was ultimately entitled to these royalties, except that he had a right to expect that Waller would make no secret profit from the venture.

The acquisition of the right to share in the royalties was not adverse to the partnership not then formed, nor did his subsequent concealment of his ownership increase the obligations of Shubert. If the concealment was wrongful, it was wrongful only by reason of the fact that it permitted Waller to obtain a secret profit beyond what he stipulated for. If Shubert has any rights in the premises, he has a right to demand an accounting of the profits, but he has, I think, no right to claim that merely by reason of the making of the contract Waller's rights to a part of the royalties became an asset of the joint venture. Waller was the owner of this share of the royalties in equity and could transfer his rights to a third party, and the assignee then became the owner of his share. Waller in obtaining the right acted for himself and not for the joint venture, which was not yet in existence; the payment of these royalties involves no added obligation on the part of Shubert, for he had expressly agreed to assume the obligations of the Frohman contract. I can therefore see no equitable ground for declaring that Waller was only the trustee for the joint venture in the ownership of this right to the royalties. At most equity will require him to account for any wrongful profits. It follows that, even if the plaintiff took the assignment with knowledge of the circumstances, it is nevertheless entitled to enforce it.

Demurrer sustained, with $10 costs.